COURT OF APPEALS
DECISION
DATED AND FILED

March 11, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2025AP173-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2023CF820

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-APPELLANT,

V.

JAY GAGLIANO,

    DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Waukesha County: MICHAEL O. BOHREN, Judge. *Reversed and cause remanded*.

Before Neubauer, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The State of Wisconsin appeals from an order dismissing several criminal counts against Jay Gagliano. For the reasons that

follow, we reverse the order and remand the matter for further proceedings consistent with this opinion.

¶2 In the early morning hours of May 21, 2023, Gagliano texted his wife from the front steps of a Waukesha church to say that he had a knife and was planning to kill himself. Gagliano's wife notified police, who were dispatched to the scene.

¶3 On their way to the scene, police learned that Gagliano had multiple arrest warrants. Accordingly, upon locating Gagliano, they placed him in handcuffs. At that time, Gagliano appeared intoxicated, having slurred speech, glassy eyes, and an odor of alcohol.

¶4 Gagliano's wife arrived at the scene soon thereafter and began interfering with the investigation. When she got too close to Gagliano, one officer grabbed her arm to move her away. In response, Gagliano looked directly at the officer and yelled, "Don't touch my wife, I'll fuck you up."

¶5 Gagliano continued to yell as officers escorted him to a nearby squad car. Upon reaching the car, Gagliano made his body go limp and refused to get inside. When one officer ordered him to get into the car, Gagliano looked directly at the officer and said, "Bitch, I will fucking kill your ass."

¶6 Officers eventually managed to push Gagliano into the squad car and close the door. Moments later, one of the officers realized that Gagliano had not yet been fully searched, so he opened the door. When he did, Gagliano yelled at him, "I will fucking end your ass."

¶7 The State ultimately charged Gagliano with three counts of threat to an officer and one count of obstructing, all as a repeater. Gagliano moved to

dismiss the counts of threat to an officer on First Amendment grounds. Specifically, he argued that his statements to the officers did not constitute "true threats" that could be constitutionally punished.

¶8    The circuit court held a hearing on the motion and asked the parties whether it was hearing evidence or merely argument. The State noted that whether a statement is a true threat, unprotected by the First Amendment, is an issue of fact for the jury to decide, so a pretrial mini-trial on the subject was not appropriate. Gagliano disagreed and asked the court to hear evidence and find relevant facts.

¶9    In the end, the circuit court sided with Gagliano. It reviewed an officer's body camera video and found that Gagliano's statements were not true threats that could be constitutionally punished. In reaching this conclusion, the court cited Gagliano's intoxication as well as the fact that the officers "showed no fear" of Gagliano. Accordingly, it dismissed the counts of threat to an officer. The State now appeals.

¶10    On appeal, the State contends that the circuit court erred in dismissing the counts of threat to an officer. It complains that the court improperly usurped the jury's role by determining that Gagliano's statements were not true threats.

¶11    "Only a 'true threat' is constitutionally punishable under statutes criminalizing threats"; other types of threats are protected speech. *See State v. Perkins*, 2001 WI 46, ¶17, 243 Wis. 2d 141, 626 N.W.2d 762, *abrogated on other grounds recognized by Kindschy v. Aish*, 2024 WI 27, ¶14 n.9, 412 Wis. 2d 319, 8 N.W.3d 1. "True threats," as distinguished from other types of threats, are "'serious expression[s]' conveying that a speaker means to 'commit an act of

unlawful violence[,]'" as opposed to jest, hyperbole, etc. ***Counterman v. Colorado***, 600 U.S. 66, 74 (2023) (alteration in original; citation omitted).

¶12    Whether a statement constitutes a true threat is an issue of fact for the jury to decide. ***Perkins***, 243 Wis. 2d 141, ¶48; ***State v. Douglas D.***, 2001 WI 47, ¶33, 243 Wis. 2d 204, 626 N.W.2d 725.   Indeed, the pattern jury instruction for the crime of threat to an officer reflects this understanding. *See* WIS JI— CRIMINAL 1240D.[1]   Only when conduct is "unquestionably" protected by the First Amendment may a circuit court intervene and dismiss the charge as a matter of law. ***Douglas D.***, 243 Wis. 2d 204, ¶33.

¶13    Here, we agree with the State that the circuit court improperly usurped the jury's role by determining that Gagliano's statements were not true threats.   There simply was no basis for the court to hold a pretrial evidentiary hearing and answer the very issue of fact that was to be submitted to the jury at trial.[2]   In so doing, the court was effectively making the State prove its case twice, which it is not required to do.

¶14    We also agree that this is not a case where the conduct was "unquestionably" protected by the First Amendment so that dismissal was warranted.   Gagliano's statements to the officers were clear and unequivocal

---

[1]   The instruction for the first element, threatening to cause bodily harm, reads in relevant part, "This element requires a true threat. 'True threat' means that a reasonable person would interpret the threat as a serious expression of intent to do harm, and the person making the statement is aware that others could regard the statement as a threat and delivers it anyway." WIS JI—CRIMINAL 1240D.

[2]   As noted by the State, the only question the circuit court should have been answering at this stage of the case was whether (based on the allegations of the complaint) a reasonable jury could determine that Gagliano's statements were true threats. If so, then the counts of threat to an officer could be constitutionally applied to Gagliano.

threats. Nothing about the context in which he made them suggests they should have been taken as a joke or hyperbole. Whether Gagliano was aware[3] that others could regard his statements as threats and whether a reasonable person would interpret them as a serious expression of intent to do harm[4] are questions for the jury to decide at trial. *See* WIS JI—CRIMINAL 1240D.

¶15 For these reasons, we reverse the order of the circuit court and remand the matter for further proceedings consistent with this opinion.

*By the Court*.—Order reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] Gagliano's apparent intoxication would not negate this awareness unless it was involuntarily produced. *See* WIS. STAT. § 939.42 (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[4] It is possible that the officers "showed no fear" of Gagliano because he was handcuffed at the time he made his statements. However, in assessing whether a statement is a true threat, "[i]t is not necessary that the speaker have the ability to carry out the threat." ***State v. Perkins***, 2001 WI 46, ¶29, 243 Wis. 2d 141, 626 N.W.2d 762, *abrogated on other grounds recognized by* ***Kindschy v. Aish***, 2024 WI 27, ¶14 n.9, 412 Wis. 2d 319, 8 N.W.3d 1. *See also* WIS JI—CRIMINAL 1240D.